

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-16-2009

# USA v. Marvin Tillman

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1706

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Marvin Tillman" (2009). *2009 Decisions.* Paper 2017.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/2017

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-1706

UNITED STATES OF AMERICA

v.

MARVIN TILLMAN,
                              Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 2-06-cr-00528-3)
District Judge:  Honorable Stanley R. Chesler

Submitted under Third Circuit LAR 34.1(a)
on December 11, 2008

Before: McKEE, SMITH and ROTH, <u>Circuit Judges</u>

(Opinion filed: January 16, 2009)

O P I N I O N

**ROTH**, Circuit Judge:

Marvin Tillman appeals from a judgment of sentence after pleading guilty to conspiring to rob an armored vehicle and to commit and threaten physical violence in furtherance of that plan, in violation of 18 U.S.C. § 1951(a). The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. 3742(a). We exercise plenary review of an interpretation of the Sentencing Guidelines and review factual findings for clear error. *United States v. Grier*, 475 F.3d 556, 570 (3d Cir. 2007). We will affirm.

We assume the parties' familiarity with the facts and the record of prior proceedings, which we describe only as necessary to explain our decision.

Tillman first argues that the District Court erred in calculating the loss amount as $1,165,000—the amount in the armored car at the time of the robbery—rather than $88,355—the amount actually transferred to the getaway vehicle.[1] The facts are undisputed, however, that Tillman's coconspirators were in sole possession and control of the armored car and, in fact, drove it some distance before they fled to the getaway vehicle. Accordingly, the District Court's calculation was proper. *See* U.S.S.G. § 2B3.1, Appl. Note 3 ("'Loss' is the value of the property taken, damaged, or destroyed."); *United States v. Parker*, 903 F.2d

---

[1]Section 2B3.1 of the Sentencing Guidelines, which governs robberies, provides for a four-level increase if the loss amount is more than $800,000 but less than $1,500,000, U.S.S.G. § 2B3.1(b)(7)(E), and a two-level increase if the loss is more than $50,000 but less than $250,000, *id.* § 2B3.1(b)(7)(C).

91, 105 (2d Cir. 1990) ("[The conspirators] removed the car's occupants and drove the car away. . . . The fact that [they] did not transfer all of the cash from the stolen car to their getaway car does not mean that they had not taken it.").

Tillman next argues that the District Court erred in applying a seven-level increase to Tillman's offense level because a firearm was discharged during the robbery. It is undisputed, however, that one of Tillman's coconspirators fired his gun during the robbery. The District Court's explicit finding that this was both in furtherance of the conspiracy and reasonably foreseeable is, thus, not clearly erroneous. *See* U.S.S.G. § 1B1.3, Appl. Note 2(b)(1) ("getaway driver in an armed bank robbery" responsible for assault injury to bank teller); *United States v. Dupree*, 323 F.3d 480, 490 (6th Cir. 2003) (reasonably foreseeable that firearm would be involved in robbery of armored car); *United States v. Molina*, 106 F.3d 1118, 1121–22 (2d Cir. 1997) (same).

Finally, Tillman argues that the District Court should have granted his motion for a downward departure. Tillman does not argue, however, that the District Court misapprehended the law concerning its ability to grant the requested departure, and we will not review a District Court's discretionary decision to deny departure. *United States v. Cooper*, 437 F.3d 324, 332–33 (3d Cir. 2006). In any event, the District Court ultimately sentenced Tillman to a 140-month term of imprisonment, well below his Sentencing Guidelines range of 151–188 months.

Accordingly, we will affirm the judgment of sentence.

3